IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SANDOVAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. _____ |
| | § | JURY TRIAL DEMANDED |
| SCONET, INC. and MICHEL YAMMINE, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Anthony Sandoval files this Complaint against Defendants ScoNet, Inc. ("ScoNet") and Michel Yammine.

## Parties

1.     Plaintiff Anthony Sandoval is an individual residing in Texas.

2.     Defendant ScoNet is a Texas corporation with its principal place of business in Sugar Land, Texas.  ScoNet may be served with process through its owner, Michel Yammine, at 14003 Imperial Canyon, Sugar Land, Texas 77478.

3.     Defendant Michel Yammine is an individual residing in Sugar Land, Texas.  He may be served with process at his home at 14003 Imperial Canyon, Sugar Land, Texas 77478.

## Jurisdiction and Venue

4.     The Court has federal question jurisdiction over this case because Mr. Sandoval is seeking damages under the Fair Labor Standards Act ("FLSA").  The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Mr. Sandoval's state law claims.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Factual Background**

6.     ScoNet is in the business of providing IT Services.  Yammine is the President of ScoNet, and he directly controlled the work activities of employees of ScoNet such as Mr. Sandoval.

7.     Mr. Sandoval was an employee of ScoNet from June 2002 until May 2005.   Mr. Sandoval's title was Systems Engineer initially and Zone Manager later, but his duties basically did not change.  His duties included work related to computers, but did not include work that would bring him within the exempt classification for computer professionals under the Fair Labor Standards Act.  He also at times had some management duties, but those duties also did not bring him within the exempt classification for executive employees under the Fair Labor Standards Act.

8.     Over the course of his employment, ScoNet required Mr. Sandoval to work a significant number of overtime hours.  Mr. Sandoval often worked sixty or more hours per week.

9.     ScoNet sought to minimize its obligations as the employer by classifying Mr. Sandoval and other employees as "independent contractors."  In fact, Mr. Sandoval and the other "independent contractors" were fully under the control of ScoNet.  The "independent  contractor" designation was a scam that allowed ScoNet to unlawfully shift liability for certain federal taxes to its employees.  In fact, ScoNet required Mr. Sandoval and other employees to sign employment agreements that included non-solicitation and non-competition clauses and designated them as "employees."   ScoNet also withheld

taxes from paychecks of Mr. Sandoval and other employees, which ScoNet made available to the employees quarterly when they were required to file tax returns as though they were self-employed.  ScoNet never paid its share of the required payroll taxes, and it never paid the withheld wages to the IRS as an employer is required to do.

10.     Even though he was a non-exempt employee who was subject to the overtime provisions of the Fair Labor Standards Act, ScoNet did not pay Mr. Sandoval overtime wages for those hours.

11.     All conditions precedent have been performed or have occurred.

### Count 1 – Fair Labor Standards Act

12.     ScoNet is an enterprise engaged in commerce or in the production of goods for commerce.  ScoNet has an annual gross volume of sales made or business done that greatly exceeds $500,000.  ScoNet is thus an "employer" within the scope of the Fair Labor Standards Act.

13.     Yammine was a person who acted directly or indirectly in the interest of ScoNet in relation to its employees, including Mr. Sandoval.  Under the FLSA, he is therefore an "employer" of Mr. Sandoval and other employees of ScoNet, and is personally liable for all amounts claimed in this action.

14.     ScoNet and Yammine suffered or permitted Mr. Sandoval to work.  Mr. Sandoval was thus an "employee" within the scope of the Fair Labor Standards Act.

15.     Mr. Sandoval regularly worked more than 40 hours per week.  Because Mr. Sandoval does not fall into any of the categories of exempt employees, the Fair Labor Standards Act required ScoNet to pay Mr. Sandoval overtime when he worked

more than 40 hours per week.  ScoNet never did so, and instead has willfully violated the Act.

16.     In addition, Mr. Sandoval's hours for purposes of the overtime provisions of the Fair Labor Standards Act include hours that ScoNet has refused to recognize, such as on-the-job travel time.

17.     Mr. Sandoval, individually and on behalf of other persons similarly situated, is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

## Count 2 – Breach of Contract

18.     On or about October 9, 2003, ScoNet and Mr. Sandoval entered into an agreement in which ScoNet acknowledged that it was and would continue to be Mr. Sandoval's employer.  This agreement confirmed the employer/employee relationship that had existed between ScoNet and Mr. Sandoval throughout the entire time that Mr. Sandoval was employed by ScoNet.  ScoNet was legally obligated by this agreement and by governing state and federal laws to perform certain functions as Mr. Sandoval's employer.  These obligations included the normal payroll functions between an employer and its employees, such as paying the employer's share of FICA and medicare taxes, and paying premiums for unemployment compensation for its employees.  The obligation to perform these payroll functions is a contract implied in fact between ScoNet and Mr. Sandoval.

19.     ScoNet performed none of its required functions as the employer.  It did, however, control every aspect of Mr. Sandoval's work assignments and the manner in which all work was to be accomplished.

20.     The failure and refusal of ScoNet to fulfill its contractual and legal obligations as Mr. Sandoval's employer is a breach of the agreement that it entered into with Mr. Sandoval, and a breach of its obligations as an employer under governing state and federal laws, which constitutes breach of a contract implied in fact.

21.     Mr. Sandoval fully performed his duties as an employee under the contract until he resigned on May 16, 2005.

22.     Mr. Sandoval was damaged by ScoNet's breach of contract and breach of contract implied in fact because he had to pay ScoNet's share of payroll taxes.  ScoNet is therefore liable to Mr. Sandoval for (a) actual damages for the payroll taxes that should have been paid by ScoNet, (b) pre-and post-judgment interest as provided by law, (c) reasonable attorneys' fees, and (d) all costs of court.

### Count 3 – Declaratory Relief

23.     ScoNet has expressed the intention to enforce the non-competition and non-solicitation covenants in the contract with Mr. Sandoval.  In fact, those covenants are unenforceable as a matter of Texas law because:

> (a)     The covenants are not ancillary to an otherwise enforceable agreement.  While the covenants purport to be ancillary to a confidentiality clause, in fact no confidential information was provided to Mr. Sandoval at or after the time of the agreement.

      (b)    The covenants do not contain reasonable restrictions as to time and geographic area.

      (c)    ScoNet is estopped from enforcing the covenants, or alternatively barred by unclean hands, in light of its wrongful actions in fraudulently treating Mr. Sandoval and similar employees as "independent contractors" when in fact they were not.

24.    Mr. Sandoval is therefore entitled to declaratory relief that ScoNet is not entitled to enforce the non-competition and non-solicitation covenants.

### Demand for Jury

25.    Mr. Sandoval demands a trial by jury.

### Prayer

Plaintiff Anthony Sandoval respectfully requests that Defendants ScoNet, Inc. and Michel Yammine be cited to appear and answer, and that on final hearing the Court award the following relief to Plaintiff and against Defendants:

      (a)    actual damages for unpaid overtime and breach of contract;

      (b)    liquidated damages for unpaid overtime under the Fair Labor Standards Act for Mr. Sandoval and other persons similarly situated;

      (c)    reasonable attorneys' fees under the Fair Labor Standards Act;

      (d)    pre- and post-judgment interest as provided by law;

      (e)    all costs of court; and

      (f)    any other relief to which Mr. Sandoval may be entitled.

Respectfully submitted,

The Solomon Law Firm, P.C.


/s/ David C. Holmes
/s/ Leymon L. Solomon (by permission)
Leymon L. Solomon, Attorney in Charge
State Bar No. 18831500
Southern District No. 4331
10777 Westheimer, Suite 1100
Houston, Texas 77042
Telephone: 713-260-9638
Fax: 713-260-9637

Of Counsel:

David C. Holmes
State Bar No. 09907150
Southern District No. 5494

ATTORNEYS FOR PLAINTIFF