IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SANDOVAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4:05cv3065 |
| | § | |
| SCONET, INC. and MICHEL YAMMINE, | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. <u>State where and when the parties conferred as required by Rule 26(f), and identify the counsel who attended for each party.</u>

    The following attorneys conducted the Rule 26(f) conference by telephone on November 23, 2005: Leymon L. Solomon for plaintiff and Tom A. Dickens for defendants.

2. <u>List the cases related to this one that are pending in any state or federal court with the case number and court.</u>

    None.

3. <u>Briefly describe what this case is about</u>.

    Mr. Sandoval is seeking (1) to recover overtime that he alleges is due under the Fair Labor Standards Act, (2) to recover damages relating to his payment of payroll taxes that he alleges to have been the responsibility of ScoNet, and (3) to obtain declaratory relief that the non-competition covenant in his employment agreement is not enforceable.

4. <u>Specify the allegation of federal jurisdiction.</u>

    The Court has federal question jurisdiction because the case arises under the Fair Labor Standards Act. The Court has supplemental jurisdiction over the state law claims.

5. <u>Name the parties who disagree and the reasons.</u>

   None.

6. <u>List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.</u>

   Plaintiff seeks the issuance of notice to potential class members for the FLSA claim, with an opportunity for those parties to opt-in to the lawsuit.

7. <u>List anticipated interventions</u>

   None.

8. <u>Describe class-action issues.</u>

   Mr. Sandoval has alleged a claim for an opt-in class action under the Fair Labor Standards Act. Mr. Sandoval anticipates filing a motion for issuance of class notice in the near future.

9. <u>State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.</u>

   The parties will make their initial disclosures on or before December 20, 2005.

10. <u>Describe the proposed agreed discovery plan, including:</u>

    A. <u>Responses to all the matters raised in Rule 26(f).</u>

    The parties agree to make initial disclosures on or before December 20, 2005.

    While there is no need for phased or limited discovery, some discovery cannot be completed until the class notice issue is resolved. If a class notice is issued, additional claimants may opt to join the lawsuit. Information concerning the wages and hours of non-party employees would be subject to a claim of confidentiality until such time as some or all of those employees opt to join the lawsuit. Otherwise, there is no need for phased or limited discovery.

Discovery is expected to cover the wages and hours of Mr. Sandoval and any additional claimants, the grounds and basis for any claim of exemption from overtime, the practices and procedures of the defendants with respect to the payment of wages and overtime, the practices and procedures of defendants with respect to tax withholding, and the reasonableness of the terms of the non-competition covenant.

The parties do not anticipate the need for changes to the limitations provided by the rules, nor do the parties anticipate the need for orders under Rule 26(c) or Rule 16.

    B.    <u>When and to whom the plaintiff anticipates it may send interrogatories.</u>

Mr. Sandoval anticipates that he will send interrogatories to the defendants by February 21, 2006.

    C.    <u>When and to whom the defendant anticipates it may send interrogatories.</u>

The defendants anticipates that they will send interrogatories to Mr. Sandoval by February 21, 2006, and to any other claimants within thirty days after their joinder

    D.    <u>Of whom and by when the plaintiff anticipates taking oral depositions.</u>

Mr. Sandoval anticipates that he will take the depositions of Mr. Yammine, a corporate representative ScoNet, and possibly an employee who is knowledgeable about the defendants' bookkeeping practices with respect to wages and hours. Mr. Sandoval anticipates that these depositions will be completed by April 17, 2006.

    E.    <u>Of whom and by when the defendant anticipates taking oral depositions.</u>

The defendants anticipate that they will take the deposition of Mr. Sandoval and any other claimants. The defendants anticipate that the deposition of Mr. Sandoval will be completed by April 17, 2006, and that the deposition of any other claimants will be completed within thirty days after their joinder.

      F.     <u>When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.</u>

At this time, Mr. Sandoval does not anticipate designating any expert witnesses on issues other than attorneys' fees. Any experts will be designated on or before April 17, 2006. The defendants will designate any responsive experts on or before May 22, 2006.

      g.     <u>List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).</u>

Mr. Sandoval expects to depose any opposing experts within thirty days after their designation and receipt of the report.

      h.     <u>List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).</u>

The defendants expect to depose any opposing experts within thirty days after their designation and receipt of the report.

11.    <u>If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party</u>.

Not applicable.

12.    <u>Specify the discovery beyond initial disclosures that has been undertaken to date.</u>

None.

13. <u>State the date the planned discovery can reasonably be completed.</u>

   The parties anticipate that all discovery can be completed on or before June 26, 2006.

14. <u>Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.</u>

   The parties discussed the possibility of mediation after the resolution of the class notice issue and the joinder of additional plaintiffs, if any.

15. <u>Describe what each party has done or agreed to do to bring about a prompt resolution.</u>

   The parties have agreed to discuss mediation after the resolution of the class notice issue.

16. <u>From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.</u>

   The parties feel that mediation may be appropriate and agreed to discuss the matter after the resolution of the class notice issues.

17. <u>Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.</u>

   At this time, the parties do not consent to trial before a magistrate judge, but they have agreed to revisit the issue in the future.

18. <u>State whether a jury demand has been made and if it was made on time.</u>

   Mr. Sandoval timely demanded a jury trial.

19. <u>Specify the number of hours it will take to present the evidence in this case.</u>

   The parties estimate that the case can be tried with 24 hours of testimony.

20. <u>List the pending motions that could be ruled on at the initial pretrial and scheduling conference.</u>

   None.

21. <u>List other pending motions.</u>

   None.

22. <u>Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.</u>

   None.

23. <u>Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listed the date of filing for original and any amendments.</u>

   Mr. Sandoval certifies that he filed his disclosure on August 31, 2005.

   The defendants certify that they filed their disclosure on or before December 5, 2005. The defendants have not filed an answer in this case but will do so on or before December 5, 2005.

24. <u>List the names, bar numbers, addresses, and telephone numbers of all counsel.</u>

   See below.

                                                  /s/ David C. Holmes  
                                                  /s/ Leymon L. Solomon (by permission)  
                                                  Leymon L. Solomon, Attorney in Charge  
                                                  State Bar No. 18831500  
                                                  Southern District No. 4331  
                                                  The Solomon Law Firm, P.C.  
                                                  2950 North Loop West, Suite 500  
                                                  Houston, Texas 77092  
                                                  Telephone: 713-358-5512  
                                                  Fax: 713-358-5513  

Of Counsel:

David C. Holmes  
State Bar No. 09907150  
Southern District No. 5494  
2950 North Loop West, Suite 500  
Houston, Texas 77092  
Telephone: 713-358-9912  
Fax: 713-358-9913  


Date: November 25, 2005

                                                  ATTORNEYS FOR PLAINTIFF


                                                  /s/ David C. Holmes  
                                                  /s/ Tom A. Dickens (by permission)  
                                                  Tom A. Dickens, Attorney in Charge  
                                                  State Bar No. 05820800  
                                                  Dickens & Associates  
                                                  P. O. Box 841569  
                                                  Houston, Texas 77284-1569  
                                                  Telephone:  281-855-4100  
                                                  Fax:  281-855-4100  

Date: November 25, 2005

                                                  ATTORNEYS FOR DEFENDANTS