**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ANTHONY SANDOVAL,        } | |
|        *Plaintiff*     } | |
| v.                               } | CIVIL ACTION NO. 4:05-cv-03065 |
|                          } | |
| SCONET, INC.  and MICHEL YAMMINE, } | |
|        *Defendants* | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this Fair Labor Standards Act ("FLSA") case are Plaintiff's motion for summary judgment as to liability under the FLSA (Doc. 11) and Defendants' response in opposition to the Plaintiff's motion for summary judgment (Doc. 15).  For the reasons articulated below, the Court **ORDERS** that Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Anthony Sandoval ("Sandoval") sued ScoNet Inc. and Michel Yammine (collectively "ScoNet") for unpaid overtime under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201, *et seq*.  Sandoval claims that he is entitled to overtime pay because he was an "employee" under the Act.  ScoNet refutes this position and argues that Sandoval was merely an independent contractor, not an employee.  Alternatively, ScoNet claims that even if the Court finds Sandoval to be an employee for FLSA purposes, Sandoval is exempt because of his work as a computer professional.  At the very least, ScoNet asserts,  genuine issues of material fact exist as to both Sandoval's employee and exemption status, making summary judgment for the Plaintiff improper.  This Court agrees that genuine issues of material fact remain and that Plaintiff's motion for summary judgment should accordingly be denied.

**II.  LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT**

A party moving for summary judgment must inform the court of the motion's basis and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).   If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the burden of proof has shifted, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *citing U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).  Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248.  The non-movant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence.  *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d

1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge its burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88.  In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

## III.   DISCUSSION

Analyzed against the backdrop of the summary judgement standard discussed above, the heart of this controversy (and ultimately this motion) lies in resolving the following two issues: (1) whether the summary judgment evidence establishes that Sandoval was an "employee" of ScoNet as a matter of law and (2) whether there is a fact issue regarding whether Sandoval fell within the "computer professional" exemption of FLSA.

(1)  Whether Sandoval was an "employee" as a matter of law.

The law controlling this case consists of a relatively well-established line of case law explaining the factors that a court should consider when determining whether a plaintiff was an employee or an independent contractor.  That test is a "totality of the circumstances test" that "must always be aimed at an assessment of the 'economic dependence' of the putative employees." *Brock v. Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1043 (5th Cir. 1987), *cert. denied*, 484 U.S. 924 (1987).  To assess the putative employee's economic dependence on the employer, the Fifth Circuit begins by examining a non-exhaustive list of factors such as:

> (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the putative employee and employer; (3) the degree to which the 'employee's' opportunity for profit and loss is determined by the 'employer'; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.

*Id.*  The court's ultimate task is to decide whether or not the individual is, considering the economic reality of the situation, in business for himself.  *Herman v. Express Sixty-Minutes Delivery Serv.*, 161 F.3d 299, 303 (5th Cir. 1998).

In his declaration,  Sandoval begins by asserting that he "was an employee of ScoNet from June 2002 until May 2005" and that his title was "Systems Engineer and Zone Manager later."  *See* Declaration of Anthony Sandoval ("Sandoval Decl.") at  ¶2 (Doc. 11, Exh. A). He  "regarded [him]self as an employee" and asserts that "[m]any materials issued by ScoNet, including the handbook, referred to [Sandoval and his coworkers] as employees." Sandoval Decl. at ¶8; *see also* Employee Handbook (Doc.  11, Exh.  B); Confidentiality, Non-Disclosure, and Non-Competition Agreement ("Agreement") at ¶¶1 & 19 (Doc. 11, Exh. C) (containing references to him as an "employee" and defining his status as "employment at will"). He supplements these conclusions by stating, "at all times, [his] work was controlled by ScoNet" and that ScoNet's equipment and facilities were utilized to provide services for ScoNet employees.  Sandoval Decl. at ¶9. Sandoval also clarifies that he primarily used ScoNet's equipment and materials with the exception of a  laptop computer, which he purchased using both personal and ScoNet funds (in the

form of a bonus).[1]  *Id*. at ¶10.  Ultimately, he denies that he owned all of the equipment and materials necessary to perform the full range of services to customers.  *Id*.  He believes his "opportunity for profit and loss was solely dependent on ScoNet" and that he "could not improve [his] 'profits' through managerial skill or planning." *Id*. at ¶11.  He further asserts that his services did not "require extensive education or years of training;" indeed, he claims that his services were of the type that is often provided by in-house employees–but acknowledges that his services did require some experience and computer-related knowledge.  *Id*. at ¶12.  He concludes that his employment "was permanent, in the sense that it was [regular]" and that he had an "ongoing relationship [with ScoNet], evidenced by the fact that [he] was required to sign a non-competition agreement." *Id*. at ¶13.

ScoNet, on the other hand, denies Sandoval's status as an employee and provides evidence to support its contention that Sandoval was instead an independent contractor.  ScoNet argues that it did not exercise control over the details of Sandoval's work.  *See* Affidavit of Michael [sic] Yammine ("Yammine Aff.)  at ¶2 (Doc. 15, Exh.  A).  According to Yammine's affidavit, Sandoval was "free to select the job" upon which he worked, and he was "responsible for providing the solutions that fit the client's needs."  *Id*.  Moreover, the client set Sandoval's hours, and Sandoval was free to bid on additional jobs with the client, which left him responsible "not only for the solutions but [also] for the amount of the bid." *Id*. These bids were made on the basis of a flat fee, and it was up to Sandoval to complete the task  for that flat fee.  *Id*.  Sandoval was not entitled to additional revenue if the bid exceeded the time projected.  *Id*.  at ¶3.  Sandoval determined whether he made or lost money depending on the extent to which special bids were accepted and the extent to which the bid amount was sufficient to cover the costs to perform the project.  *Id*. at ¶¶3-4. ScoNet claims it merely  monitored whether Sandoval met the needs of ScoNet's clients.  *Id*. at ¶6.  In addition to these special bids, Sandoval did receive an excess of

---

[1] The Court notes, however, that there is a discrepancy between Plaintiff's declaration regarding ownership of the laptop and the employee handbook, which states that laptops are the property of ScoNet.  *See* Employee Handbook at 4.

$455 per week for "normal work tickets." *Id.* at ¶¶7-8. ScoNet further contends that Sandoval "invested substantial time and energy" to become qualified to perform these services, and his success was dependent upon his skill and initiative. *Id.* at ¶¶3 & 5. As long as Sandoval performed services for the clients in a "reasonable manner," he could retain his position. *Id.* at ¶6.

Applying the five factors to determine employee status under FLSA, Sandoval's evidence does suggest that he was economically dependent upon ScoNet and that ScoNet controlled a large portion of his work environment. ScoNet's own documentation refers to Sandoval as an employee, creating the impression that he should behave as if ScoNet controlled his work. However, a court cannot decide a motion for summary judgment based on a likelihood of prevailing at trial or its assessment of the weight that should be given to documents that contradict sworn statements. It must believe the evidence presented by the party opposing the motion. It appears that ScoNet employed a unique system in which those like Sandoval bid for employment and compensation (at least with respect to bonus work). In this context, Sandoval could control both the extent and effort of his work. Furthermore, ScoNet did not guarantee Sandoval any compensation on these jobs. The ability to work more or work less and to bid on projects suggests a degree of economic independence that might make Sandoval an independent contractor. Therefore, a reasonable jury could find that Sandoval was an independent contractor rather than an employee, so summary judgment for Sandoval is improper.

(2) Whether a fact issue remains regarding Sandoval's exemption status as a "computer professional."

Even if Sandoval is deemed an employee rather than an independent contractor, the inquiry into liability does not end there. A myriad of exceptions exist to the requirements under FLSA. FLSA specifically exempts certain "computer professionals." *See Pellerin v. Xspedius Mgmt. Co.*, 432 F.Supp.2d 657, 661-62 (W.D. La. 2006). According to 29 U.S.C. § 213(a)(17):

>       any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is–
>
>       (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>
>       (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
>       (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
>       (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $ 27.63 an hour.

However, courts must narrowly construe these exceptions against the employer, and it is ultimately the employer who bears the burden of proof in establishing that it is entitled to the exemption. *Pellerin*, 432 F.Supp.2d at 661.

Sandoval explains that "ScoNet is a company that provides information technology services" such as "network management, system installations, and system maintenance." Sandoval Decl. at ¶2. According to Sandoval, his "primary duty" involved "working with clients to solve workstation or server support issues." *Id.* at ¶¶3-4. His primary duty did not include (by his declaration) "the application of systems analysis techniques and procedures" or "consulting with users to determine hardware, software, or system functional specifications" because ScoNet's "clients already knew the functional specifications of their systems." *Id.* Furthermore, he denies that his primary duty was "the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs." *Id.* at ¶¶5-7.

Despite Sandoval's claims to the contrary, ScoNet asserts that Sandoval's "duties [did] primarily consisted at all times of. . . the application of systems analysis techniques and procedures . . . [and] . . .the design, development, documentation, analysis, creation, testing, or

modification" of computer systems or programs, or a combination of these duties.  Yammine Aff. at ¶9.

While the parties merely deny or assert the statutory language, a genuine issue of material fact remains because these contradictory declarations go to witness credibility, the resolution of which is not appropriate for summary judgment.

## IV.  CONCLUSION

Because there are outstanding questions of fact as to Sandoval's status, summary judgment at this juncture is not proper.  Accordingly, this Court **ORDERS** that Sandoval's motion for summary judgment is **DENIED**.

SIGNED at Houston, Texas this 5th day of  December, 2006.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE