IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 2 8 2007

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ANTHONY SANDOVAL, and DEREK HYATT, | } } } | |
| Plaintiffs, | } } } | |
| vs. | } } } | CIVIL ACTION NO.  H-05-3065 |
| SCONET, INC. and MICHAEL YAMMINE, | } } } | |
| Defendants. | } } | |

## JURY INSTRUCTIONS AND CHARGE

**MEMBERS OF THE JURY:**

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty, as jurors, to follow the law as I give it to you.  However, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

Your verdict will be in the form of answers to a series of questions, called Special Interrogatories.  In answering the Special Interrogatories, you must follow the law that is given to

you in these jury instructions. You must answer all questions posed to you from a preponderance of the evidence. The term "preponderance of the evidence" means the greater weight and degree of credible evidence before you. In other words, it is the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the claim of the party with the burden of proof on that claim by a preponderance of the evidence, you should find for the opposing party as to that claim.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and to answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning

some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inference from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

-3-

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay.  The plaintiffs claim that the defendants did not pay them the legally required overtime pay.

An employer must pay its employees at least one and one-half times their regular rate for overtime work.  An employee's regular rate is the basis for calculating any overtime pay due the employee. The regular rate for a week is determined by dividing the salary for the week by forty. The overtime rate, then, is one and one-half times that rate.

In determining the hours worked by an employee, there need be no exertion at all by the employee.  All hours are hours worked which the employee is required to give his employer. An employer, if he chooses, may hire a man to do nothing , or to do nothing but wait for something to happen. Refraining from other activity often is a factor of instant readiness to serve, and idleness plays a part in all employments in a stand-by capacity.

The defendants claim that the plaintiffs were independent contractors, rather than employees.

The plaintiffs contend that both ScoNet and Michel Yammine were "Employers" for purposes of the FLSA.  An "Employer" under the Fair Labor Standards Act includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

The defendants claim that even if you should find that the plaintiffs have proved all of the necessary elements of their claim, the overtime pay law does not apply because the defendants are exempt from those requirements.  The exemption claimed by the defendants is the Computer Professional exemption.

If an employer pays bonuses to the employee that are discretionary, then the bonuses should not be considered as part of the employee's regular rate of pay.  A "discretionary bonus" is

one in which there is no promise to or agreement with the employee to pay.  If the bonuses are non-discretionary, then they must be added to the employee's salary and thus included in the calculation of the employee's regular rate of pay.

The terminology used to describe the payment is not important.  A payment can be referenced as a bonus when it is in fact a payment for overtime.  This is a factor that the jury should consider when answering the special interrogatory no. 5.  If the payments are used to compensate for overtime spent by employees, then that payment(s) should be considered as overtime payment and not a discretionary bonus.  If the payment is expected by both the employee and the employer, then it is not a discretionary bonus.

Under no circumstances should the non-discretionary bonuses be credited toward overtime compensation due under the law.

Do not let bias, prejudice or sympathy play any part in your deliberations.

In order to return a verdict, your verdict must be unanimous.  It is your sworn duty, as jurors, to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case.  In the course of your deliberations, do not hesitate to re-examine your own view and change your opinion if convinced it is erroneous.  Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges, judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

During your deliberations, you must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached your unanimous verdict, the foreman shall fill in your answers to the questions on the Special Interrogatory Verdict Form, shall date and sign the Certificate, the last page of that form, and shall notify the marshal that you have reached a verdict. Do not reveal your verdict to anyone.

Signed at Houston, Texas, this 27th day of November, 2006.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE